### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**LUXURY LIMOUSINE, INC.**,

                Plaintiff,          Case No.: 2:19-cv-10893
                                      Hon.: George Caram Steeh
v                                     Magistrate: Stephanie Dawkins Davis

**NATIONAL INDEMNITY
COMPANY**,

                Defendant.

_____/

MARK L. MENCZER (P43802)
Attorney for Plaintiff
6304 Orchard Lake Rd.
West Bloomfield, MI 48322
248-354-9000/248-354-9775 - Fax
mark@menczerlaw.com

KURT D. MEYER (P38205)
**GREGORY AND MEYER, P.C.**
Attorneys for Defendant
340 E. Big Beaver Road, Ste. 520
Troy, MI  48083
(248) 689-3920/(248) 689-4560 – Fax
kmeyer@gregorylaw.com

M. MICHAEL KOROI (P44470)
Co-Counsel for Plaintiff
150 North Main Street
Plymouth, MI 48170-1236
(734) 459-4040/(734)454-4814 - Fax
mmkoroi@sbcglobal.net

_____/

### DEFENDANT NATIONAL INDEMNITY COMPANY'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

**NOW COMES** Defendant, National Indemnity Company ("National Indemnity"), by and through its attorneys, Gregory and Meyer, P.C., and for its Answer to Complaint and Affirmative Defenses states the following:

1.      Defendant, National Indemnity neither admits nor denies the allegations of paragraph 1 for the reason that it is without sufficient information or knowledge to form a belief as to the truth or falsity of this allegation, thereby leaving Plaintiffs to their proofs.

2.      Defendant National Indemnity admits that it is domiciled in the State of Nebraska with its headquarters located in the city of Omaha, Nebraska, a registered office in the city of East Lansing, Michigan and is licensed and conducts insurance business in the state of Michigan, including the county of Wayne.

3.      Defendant, National Indemnity admits that it issued a Commercial Insurance Policy, Policy No. 70 APS 079206 ("Policy"), that included Business Auto Coverage and identified Luxury Limousine, Inc. as the named insured with respect to the motor vehicles listed on the Schedule of Covered Autos in the Policy.  National Indemnity further states that the Policy is the best evidence of its terms, conditions, provisions, exclusions, and limitations, which are expressly pled as if copied herein.

4.      Defendant National Indemnity asserts it has no obligation to respond to the allegation in paragraph 4 for the reason that it is a legal conclusion. To the extent that Defendant is obligated to respond to the allegation, Defendant National Indemnity denies the allegation in paragraph 4.

5.    Defendant National Indemnity neither admits nor denies the allegations of paragraph 5 for the reason that it is without sufficient information or knowledge to form a belief as to the truth or falsity of this allegation, thereby leaving Plaintiff to its proofs.

6.    Defendant National Indemnity neither admits nor denies the allegations of paragraph 6 for the reason that it is without sufficient information or knowledge to form a belief as to the truth or falsity of this allegation, thereby leaving Plaintiff to its proofs.

7.    Defendant National Indemnity asserts it has no obligation to respond to the allegation in paragraph 7 for the reason that it is a legal conclusion. To the extent that Defendant is obligated to respond to the allegation, Defendant National Indemnity admits that the five vehicles are in need of repairs/replacement but denies that the repairs/replacement are covered under the Policy.

8.    Defendant National Indemnity asserts it has no obligation to respond to the allegation in paragraph 8 for the reason that it is a legal conclusion. To the extent that Defendant is obligated to respond to the allegation, Defendant National Indemnity denies the allegation in paragraph 8.

9.    Defendant National Indemnity asserts it has no obligation to respond to the allegation in paragraph 9 for the reason that it is a legal conclusion. To the

extent that Defendant is obligated to respond to the allegation, Defendant National Indemnity denies the allegation in paragraph 9.

10. Defendant National Indemnity asserts it has no obligation to respond to the allegation in paragraph 10 for the reason that it is a legal conclusion. To the extent that Defendant is obligated to respond to the allegation, Defendant National Indemnity denies Plaintiff is entitled to any damages from National Indemnity. In further answer, Defendant prays this Honorable Court enter judgment of no cause of action against Plaintiff and award Defendant its costs and attorney fees so wrongfully incurred in defending this action.

11. Defendant National Indemnity asserts it has no obligation to respond to the allegation in paragraph 11 for the reason that it is a legal conclusion. To the extent that Defendant is obligated to respond to the allegation, Defendant National Indemnity denies the allegation in paragraph 11.

12. Defendant National Indemnity asserts it has no obligation to respond to the allegation in paragraph 12 for the reason that it is a legal conclusion. To the extent that Defendant is obligated to respond to the allegation, Defendant National Indemnity denies the allegation in paragraph 12.

**WHEREFORE**, the Defendant National Indemnity prays this Honorable Court enter judgment of no cause of action against Plaintiff and award Defendant its costs and attorney fees so wrongfully incurred in defending this action.

## AFFIRMATIVE AND/OR SPECIAL DEFENSES

**NOW COMES** Defendant, National Indemnity Company ("National Indemnity"), by and through its attorneys, Gregory and Meyer, P.C., and states for its Affirmative and/or Special Defenses as follows:

1.    Plaintiff fails to state a claim on which relief can be granted.

2.    Defendant National Indemnity has not breached its contract of insurance.

3.    Plaintiff failed to supply satisfactory proof of loss, the losses and claims asserted are not covered by the policy sued upon and, therefore, there was no violation of the Michigan Uniform Trade Practices Act as alleged.

4.    Any award of interest under the Michigan Uniform Trade Practices Act is to be set off against any other award of interest as provided by the Act.

5.    Plaintiff's Complaint should be dismissed to the extent it concerns or relates to any alleged damages or losses that took place outside of the Policy period.

6.    Plaintiff is bound by all of the terms, conditions, limitations and exclusions contained within the Policy. The Policy contains the following provisions:

### SECTION IV – BUSINESS AUTO CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

**A.    Loss Conditions**

\*        \*        \*

**2.      Duties In The Event Of Accident, Claim, Suit or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.**      In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

**(1)**      How, when and where the "accident" or "loss" occurred;

**(2)**      The "insured's" name and address; and

**(3)**      To the extent possible, the names and addresses of any injured persons and witnesses.

**b.**      Additionally, you and any other involved "insured" must:

\*        \*        \*

**(3)**      Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

\*        \*        \*

**c.**      If there is "loss" to a covered "auto" or its equipment you must also do the following:

**(1)**      Promptly notify the police if the covered "auto" or any of its equipment is stolen.

6

**(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

**(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

**(4)** Agree to examinations under oath at our request and give us a signed statement of your answers.

Plaintiff has breached the terms and conditions of the Policy by, including but not limited to, failing to cooperate with National Indemnity in the investigation of the claim, failing to provide requested documentation and failing to agree to appear for an examination under oath and, therefore, Plaintiff's claims are barred.

7.    Plaintiff is bound by all of the terms, conditions, limitations and exclusions contained within the Policy. The Policy contains the following provision:

**3.    Legal Action Against Us**

No one may bring a legal action against us under this coverage form until:

**a.** There has been full compliance with all the terms of this coverage form; and ….

Plaintiff has commenced legal action before fully complying with all of the terms of the Policy, including but not limited to, Plaintiff's failure to comply with all of the terms of the Coverage Form by failing to cooperate with National

Indemnity's investigation of the claim. Plaintiff's breach of this condition bars coverage under the Policy and, therefore, Plaintiff is barred from bringing legal action against National Indemnity pursuant to the provision referenced above.

8.      Plaintiff is bound by all of the terms, conditions, limitations and exclusions contained within the Policy. The Policy contains the following provision:

**7.      Policy Period, Coverage Territory**

> Under this coverage form, we cover "accidents" and "losses" occurring:
>
> **a**.      During the policy period shown in the Declarations; and
>
> **b**.      Within the coverage territory.

Upon information and belief Plaintiff's alleged loss was not sustained by direct or accidental loss or damage occurring during the policy period shown in the Policy's Declarations and is therefore not covered by the Policy.

9.      Plaintiff is bound by all of the terms, conditions, limitations and exclusions contained within the Policy. The Policy contains a Michigan Changes Endorsement that modifies the Policy which Plaintiff violated by misrepresenting and/or concealing material facts as to the circumstances of the loss, the condition of the vehicle, the cause of loss, the amount of loss, among and other matters, with the intent to mislead and deceive Defendant.  The condition reads:

3.     The **Concealment, Misrepresentation Or Fraud Condition** is replaced by the following:

**Concealment, Misrepresentation Or Fraud**

We do not provide coverage in any case of fraud by you at any time as it relates to this Coverage Form. We also do not provide coverage if you or any other "insured", at any time, intentionally conceals or misrepresents a material fact concerning:

a.     This Coverage Form;

b.     The covered "auto";

c.     Your interest in the covered "auto"; or

d.     A claim under this Coverage Form.

10.   The claimed losses and damages are excluded, in whole or in part, pursuant to the following policy exclusions:

B.     **Exclusions**

1.     We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

*      *      *      *

3.     We will not pay for "loss" due and confined to:

a.     Wear and tear, freezing, mechanical or electrical breakdown.

b.     Blowouts, punctures or other road damage to tires.

9

This exclusion does not apply to such "loss" resulting from the total theft of a covered "auto".

11.    The policy contains the following endorsement which limits

Defendant's liability as follows:

## STATED AMOUNT INSURANCE

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY:**

This endorsement modifies insurance provided under the following:

> TRUCKERS COVERAGE FORM
> BUSINESS AUTO COVERAGE FORM

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below, and applies only to those vehicles and coverages indicated below or as may be subsequently added to the policy by endorsement and for which physical damage coverage is afforded and for which a limit of liability is indicated Vehicle numbers refer to the vehicle number and corresponding vehicle described in the schedule of automobiles attached to this policy.

VEHICLE NUMBER LIMIT OF LIABILITY DEDUCTIBLE COVERAGE

**See M-5171
(06/2004)**

For a covered auto described in this endorsement:

BUSINESS AUTO COVERAGE FORM- SECTION Ill - PHYSICAL DAMAGE COVERAGE - SUBSECTION C - LIMIT OF INSURANCE and SUBSECTION D - DEDUCTIBLE or TRUCKERS COVERAGE FORM- SECTION IV - PHYSICAL DAMAGE SUBSECTION C - LIMITS OF INSURANCE and SUBSECTION D - DEDUCTIBLE are changed to read:

**C. - Limit of Insurance**

1. The most we will pay for "loss" in any one "accident" is the lesser of:

    a. The limit of liability shown in the schedule of this endorsement for the involved "auto", or

    b. The actual cash value of the damaged or stolen "auto" as of the time of the "loss", or

    c. The cost of repairing or replacing the damaged or stolen "auto" with another of like kind or quality, less the applicable deductible.

2. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

3. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

**D. - Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace the damaged or stolen auto will be reduced by the applicable deductible shown in this endorsement.

*     *     *     *

12. Plaintiff has failed to mitigate its damages.

13. Any alleged damages sustained by Plaintiff was not actually or proximately caused by nor did they proximately result from or result naturally and directly from any act or omission on the part of National Indemnity and were not within the contemplation of the parties at the time the contract of insurance was formed.

14.    Plaintiff may have other insurance which covers all or some of the claimed losses and damages.   To the extent such coverage exists, National Indemnity claims a right of settlement and/or contribution.

15.    National Indemnity reserves its right to amend these Affirmative and/or Special Defenses throughout the course of discovery and prior to Trial.

Respectfully submitted,


/s/ Kurt D Meyer
KURT D MEYER
**GREGORY AND MEYER, P.C.**
Attorneys for Defendant
340 E. Big Beaver, Ste. 520
Troy, MI 48083
(248) 689-3920
P38205
kmeyer@gregorylaw.com

Dated: April 3, 2019

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 3, 2019, a copy of the foregoing was filed with the Clerk of the Court and served upon Mark L. Menczer, Esq. and M. Michael Koroi, Esq. via electronic mail through the ECF System.

MARK L. MENCZER
Attorney for Plaintiff
6304 Orchard Lake Rd.
West Bloomfield, MI 48322
248-354-9000/248-354-9775 - Fax
mark@menczerlaw.com
P43802

M. MICHAEL KOROI
Co-Counsel for Plaintiff
150 North Main Street
Plymouth, MI 48170-1236
(734) 459-4040/(734)454-4814 - Fax
mmkoroi@sbcglobal.net
P44470

By: /s/ Kurt D Meyer
　　KURT D MEYER
　　**GREGORY AND MEYER, P.C.**
　　Attorneys for Defendant National Indemnity Company
　　340 E. Big Beaver, Ste. 520
　　Troy, MI 48083
　　(248) 689-3920
　　kmeyer@gregorylaw.com
　　P38205