UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUXURY LIMOUSINE, INC.,

    Plaintiff,

Case No. 19-10893

v.

HON. GEORGE CARAM STEEH

NATIONAL INDEMNITY COMPANY,

    Defendant.
_____/

OPINION AND ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO DISMISS (DOC. 10)

Before the court is Defendant's motion to dismiss. The court heard oral argument on August 5, 2019, and took the matter under advisement. For the reasons explained below, Defendant's motion is granted in part and denied in part.

BACKGROUND FACTS

This action arises out of an insurance claim for property damage. Plaintiff Luxury Limousine, Inc., provides transportation services. On June 4, 2018, Plaintiff obtained a commercial policy of insurance from Defendant National Indemnity Company ("NIC") covering several vehicles. *See* Doc. 5 at ¶ 7. Plaintiff alleges that on September 4, 2018, five of its vehicles were

vandalized, including four buses and a Rolls Royce. Plaintiff submitted a claim to NIC the following day.

NIC had an appraisal performed on the five damaged vehicles. Plaintiff's counsel sent a letter to NIC on September 28, 2018, regarding the claim, but received no immediate response. *Id.* at ¶ 13. On October 26, 2018, Plaintiff received a request from NIC for certain records. Plaintiff's counsel attempted to set up a meeting to discuss the claim in December 2018; Plaintiff alleges that its overtures were "not responded to" during December and that a meeting was not held until January 2019. Plaintiff contends that NIC has unreasonably delayed in processing its claim and that it continues to lose significant revenue as the damaged vehicles await repairs.

Plaintiff also alleges that the lost revenue has resulted in its inability to pay its insurance premiums. NIC cancelled Plaintiff's policy on February 3, 2019. Plaintiff alleges that it is unable to operate its business without insurance coverage, which is required under state law.

Plaintiff's complaint alleges the following causes of action: Count I, breach of contract; Count II, specific performance; Count III, breach of policy and statutory duties to give notice of cancellation; Count IV, statutory interest; Count V, tortious interference with business relations; and Count VI, arbitrary, reckless, indifferent and/or intentional actions in disregard of

the duties owed to policy holder (bad faith).  Defendant has filed a motion for partial dismissal with respect to Plaintiff's specific performance, tortious interference, and bad faith claims.

## LAW AND ANALYSIS

I. <u>Standard of Review</u>

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks dismissal based upon the plaintiff's failure to state a claim upon which relief can be granted.  To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999) (internal quotation marks omitted).

In general, the court does not consider matters outside the complaint when assessing whether the plaintiff has stated a claim.  *Rondigo, L.L.C. v. Township of Richmond,* 641 F.3d 673, 680-81 (6th Cir. 2011).  If the court considers materials outside of the complaint, it must ordinarily treat the motion as one for summary judgment.  *Id.*  However, the court may

consider exhibits attached to the complaint, public records, and exhibits that are "referred to in the complaint and central to the claims contained therein" without converting a motion to dismiss to a motion for summary judgment. *Id.*

Plaintiff attached exhibits to its response brief, including a police report, appraisals, correspondence, and an affidavit. These outside materials are not appropriate for the court to consider in conjunction with a Rule 12(b)(6) motion. Additionally, the court finds that these materials are not relevant to the question of whether Plaintiff has stated viable claims for relief. The court will disregard the exhibits and rely upon the four corners of Plaintiff's complaint.

II. Specific Performance

Although characterized as a separate claim in the complaint, specific performance is an equitable remedy, not a cause of action. *See Ruegsegger v. Bangor Twp. Relief Drain*, 127 Mich. App. 28, 30-31 (1983). Specific performance is an appropriate remedy for a breach of contract when there is an "inadequate remedy at law." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 584 (6th Cir. 2007). "The equitable remedy of specific performance may be awarded where the legal remedy of damages is impracticable." *Ruegsegger*, 127 Mich. App. at 31. A damages remedy is deemed impracticable when "it is impossible to arrive at a legal measure

of damages at all, or at least with any sufficient degree of certainty, so that no real compensation can be obtained by means of an action at law." *Id.* (citation omitted).

Defendant contends that Plaintiff has an adequate remedy at law – damages for breach of the insurance contract. Plaintiff argues that specific performance is available to force an insurer to process a claim in an expeditious manner. Plaintiff cites no case law for the proposition that the court may order specific performance as a remedy for a breach of an insurance contract. Moreover, damages will fully compensate Plaintiff for any losses it has sustained as a result of NIC's failure to pay its claim. Under these circumstances, Plaintiff has not alleged that its remedy at law is inadequate or impracticable. The courts finds that specific performance is not a viable remedy as a matter of law and that Count II should be dismissed.

### III. Tortious Interference

"The elements of tortious interference with a business relationship are the existence of a valid business relationship or expectancy, knowledge of the relationship or expectancy on the part of the defendant, an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy, and resultant damage to the plaintiff."

*BPS Clinical Lab. v. Blue Cross & Blue Shield*, 217 Mich. App. 687, 698-99 (1996) (citations omitted). In addition, "one who alleges tortious interference with a contractual or business relationship must allege the intentional doing of a per se wrongful act or the intentional doing of a lawful act with malice and unjustified in law for the purpose of invading plaintiff's contractual rights or business relationship." *Feldman v. Green*, 138 Mich. App. 360, 369-70 (1984). "To establish that a lawful act was done with malice and without justification, the plaintiff must demonstrate, with specificity, affirmative acts by the defendant that corroborate the improper motive of the interference." *BPS Clinical Lab.*, 217 Mich. App. at 699. However, "[w]here the defendant's actions were motivated by legitimate business reasons, its actions would not constitute improper motive or interference." *Id*.

Plaintiff alleges that Defendant tortiously interfered with its business relationships with its clients by failing to process its claim in a timely manner, improperly cancelling the policy, and falsely notifying the State of Michigan of the cancellation. Doc. 5 at ¶ 49. Defendant argues that these actions were not per se wrongful and were motivated by legitimate business reasons. At this stage of the proceedings, the issue of Defendant's motivation is best left to further factual development. *See Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.*, 648 F.3d

452, 458 (6th Cir. 2011) ("Often, defendants' conduct has several plausible explanations. Ferreting out the most likely reason for the defendants' actions is not appropriate at the pleadings stage."). The court will deny Defendant's motion with respect to Plaintiff's tortious interference claim.

IV. <u>Bad Faith</u>

In Count VI, Plaintiff alleges a bad faith claim against Defendant, entitled "arbitrary, reckless, indifferent, and/or intentional actions in disregard of the duties owed to Defendant's policy holder." Doc. 5 at 11. Defendant seeks dismissal of this claim, noting correctly that the "tort of bad-faith breach of an insurance contract does not exist in Michigan." *Burnside v. State Farm Fire & Cas. Co.,* 208 Mich. App. 422, 425 n.1 (1995); *see also Casey v. Auto Owners Ins. Co.,* 273 Mich. App. 388, 401-402 (2006) ("An alleged bad faith breach of an insurance contract does not state an independent tort claim.") Plaintiff has failed to provide contrary authority. Accordingly, the court will dismiss Count VI.[1]

Under the umbrella of Count VI, Plaintiff seeks exemplary damages. To the extent that Plaintiff seeks exemplary damages for breach of the insurance contract, such damages are not available. *Casey,* 273 Mich. at

---

[1] To the extent Defendant has acted in bad faith by failing to pay a claim that is not reasonably in dispute, Plaintiff may recover penalty interest at a rate of 12% per annum under the Uniform Trade Practices Act, M.C.L. § 500.2006(4). *See Burnside,* 208 Mich. App. at 431. Plaintiff has pleaded such a claim in Count IV.

402 (exemplary damages not recoverable "absent allegation and proof of tortious conduct that is 'independent of the breach'"). The court makes no ruling regarding whether Plaintiff may be entitled for exemplary damages as a remedy for its tortious interference claim. *See* Doc. 5 (Complaint) at ¶ 50.

## CONCLUSION

The court concludes that Plaintiff cannot seek the remedy of specific performance or state a tort claim for bad faith as a matter of law; therefore, any amendment of the complaint with respect to these matters would be futile.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to dismiss (Doc. 10) is GRANTED IN PART with respect to Counts II (specific performance) and VI (bad faith) and DENIED IN PART with respect to Count V (tortious interference).

Dated: August 7, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 7, 2019, by electronic mail.

s/Marcia Beauchemin
Deputy Clerk